# UNITED STATES DISTRICT COURT
for the
District of Columbia

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>the person of BENJAMIN GABRINSKI,<br>also known as "Benjamin Grabinski," W/M,<br>DOB: 6/29/1990, PDID: 756-908 | )<br>)<br>)   Case No. 22-SW-179<br>)<br>)<br>) |

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

BENJAMIN GABRINSKI, also known as "Benjamin Grabinski," White/Male, DOB: 6/29/1990, PDID: 756-908, who is presently at. D.C. Jail.

located in the _____ District of _____ Columbia _____, there is now concealed *(identify the person or describe the property to be seized)*:

a saliva sample from the defendant's mouth.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☐ contraband, fruits of crime, or other items illegally possessed;

☐ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 970(a) | Protection of Property Used by Foreign Governments |
| 18 U.S.C. § 2 | Aiding and Abetting |

The application is based on these facts:
see attached Affidavit

☐ Continued on the attached sheet.

☐ Delayed notice of _____ days *(give exact ending date if more than 30 days: _____ )* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

SA, STEVE LETTENEY, ATF, Badge # 5464
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by _____ telephone _____ *(specify reliable electronic means)*.

Date: 06/14/2022

*Judge's signature*

City and state: Washington, D.C.    Zia M. Faruqui, United States Magistrate Judge
*Printed name and title*

AO 93C (08/18) Warrant by Telephone or Other Reliable Electronic Means ☐ Original ☐ Duplicate Original

# UNITED STATES DISTRICT COURT
for the
District of Maryland

| In the Matter of the Search of | ) |
|---|---|
| *(Briefly describe the property to be searched or identify the person by name and address)* | ) |
| BENJAMIN GABRINSKI, also known as "Benjamin Grabinski," W/M, DOB: 6/29/1990, PDID: 756-908 | ) Case No. 22-SW-179 |

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To:     Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the _____ District of _____ Columbia
*(identify the person or describe the property to be searched and give its location)*:

BENJAMIN GABRINSKI, also known as "Benjamin Grabinski," White/Male, DOB: 6/29/1990, PDID: 756-908, who is presently at. D.C. Jail

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

a saliva sample from the defendant's mouth.

**YOU ARE COMMANDED** to execute this warrant on or before     June 28, 2022     *(not to exceed 14 days)*
☑ in the daytime 6:00 a.m. to 10:00 p.m.    ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to     Zia M. Faruqui     .
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for ____ days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of _____ .

Date and time issued:   06/14/2022 12:00 am
                                                                                                        *Judge's signature*

City and state:   Washington, D.C.                              Zia M. Faruqui, United States Magistrate Judge
                                                                                                        *Printed name and title*

AO 93C  (08/18) Warrant by Telephone or Other Reliable Electronic Means (Page 2)

| **Return** | | |
|---|---|---|
| Case No.: <br> 22-SW-179 | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : | | |
| Inventory of the property taken and name(s) of any person(s) seized: | | |

| **Certification** |
|---|
|     I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge. <br><br><br> Date: _____ <br><br>                                                       _____ <br>                                                       *Executing officer's signature* <br><br>                                                       _____ <br>                                                       *Printed name and title* |

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION OF THE UNITED STATES OF AMERICA FOR A SEARCH WARRANT FOR THE CHEEK CELLS/SALIVA (BUCCAL SWAB) OF BENJAMIN GABRINSKI, also known as "Benjamin Grabinski"., DOB 06/29/1990, PDID 756-908 | : : : : : : : : : 22-SW-179 |

### AFFIDAVIT IN SUPPORT OF APPLICATION FOR SEARCH WARRANT

I, Steven Letteney, being duly sworn, hereby depose, and state as follows:

### INTRODUCTION

1. I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF). I have been employed in this position since October 2014. Prior to my employment with ATF, I was a Special Agent with the U.S. Department of State, Diplomatic Security Service, for approximately five years. I am presently assigned to Falls Church Group I of the Washington Field Division of the ATF. This group runs the Washington, D.C. Arson and Explosives Task Force, which is responsible for investigating Arson and Explosives incidents in Washington, D.C., and Northern Virginia. Additionally, I am assigned to the Federal Bureau of Investigation's (FBI) Washington Field Office, Joint Terrorism Task Force (JTTF). The JTTF is responsible for investigating acts and allegations of terrorism in Washington, D.C., and Northern Virginia.

2. I have received training and experience in many types of investigations and investigative techniques to include, but not limited to: interviewing and interrogation techniques, surveillance techniques, arrest procedures, search and seizure, and asset forfeiture. I have specific and extensive additional training and experience with explosives and explosive investigations. I

have received specific training and experience in the protection of both foreign and domestic diplomats and diplomatic facilities and the response to/investigation of attacks on the same. I have been involved in a wide variety of investigations to include: firearms, explosives, tobacco, gang, organized crime, money laundering, drug and terrorism investigations.

3. Through my employment as a Special Agent, I have gained knowledge in the use of various investigative techniques including the utilization of physical surveillance, undercover agents, confidential informants and cooperating witnesses, investigative interviews, analyzing telephone pen register and historical cell site data, execution of search and arrest warrants, and DNA analysis. I am also familiar with the fact that each person has a unique DNA composition. DNA isolated from blood, hair, skin cells, or other genetic evidence left at the scene of a crime or left on evidence of a crime can be compared with the DNA of an individual to identify an individual as a potential suspect.[1]

4. The facts and information contained in this affidavit are based upon my training and experience, participation in investigations, personal knowledge and observations during the course of this investigation, as well as the observations of other agents and police officers involved in this investigation. All observations not personally made by me were relayed to me by the individuals who made them or are based on my review of records, documents, and other physical evidence obtained during the course of this investigation. Because this affidavit is being submitted for the limited purpose of securing a criminal complaint, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts which I believe are necessary to establish probable cause for the issuance of this warrant.

5. On the basis of this familiarity, and on the basis of other information which I

---

[1] As the Supreme Court has recognized, a "buccal swab" is a "common procedure" that involves "wiping a small piece of filter paper or a cotton swab similar to a Q-tip against the inside cheek of an individual's mouth to collect some skin cells." Maryland v. King, 133 S. Ct. 1958, 1967-68. This procedure is "quick and painless" and poses "no threat to the health or safety" of a defendant. Id. at 1968.

have reviewed and determined to be reliable, I allege the facts to show there is probable cause to believe that evidence of the offenses of Protection of Property Occupied by Foreign Governments, in violation of 18 U.S.C. § 970; Arson, in violation of 18 U.S.C. § 844(i); Use of Explosive in Violation of U.S. Law, in violation of 18 U.S.C. § 844(h); Destructive Device used in a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(C)(ii); Possession of an Unregistered Firearm, in violation of 26 U.S.C. § 5861(d); and Unlawful Manufacture of a Firearm, in violation of 26 U.S.C. § 5851(f) (collectively, the "TARGET OFFENSES"), will be found located in the cheek cells/saliva (buccal swab[2]) of BENJAMIN GABRINSKI, DOB 06/29/1990, PDID 756-908.

## THE INVESTIGATION

6. On May 29th, 2022, at approximately 1:48 A.M., the Foreign Missions Branch Control Center (FMBCC) of the United States Secret Service was notified by the Dispatch Center for I.C.S. Protective Services, that a Special Police Officer (hereinafter referred to as SPO-1) was being "harassed continuously" while sitting a fixed security post in front of the Embassy of the People's Republic of China, located at 3505 International Place NW, Washington, D.C. (hereinafter referred to as the Embassy). The Dispatch Center further advised that the suspect in question was described as a white male, 6'04" to 6'05" in height, wearing a blue shirt, blue jeans and a black backpack, and that he appeared to throw objects towards the Embassy. At 1:48 A.M., the FMBCC also dispatched United States Secret Service (USSS) officers to assist at the Embassy, part of USSS duty.

7. At 1:53 A.M., officers arrived on scene, met with SPO-1, who advised the suspect was no longer on the scene. SPO-1 further advised that the suspect in question threw what was possibly a rock in the direction of the Embassy and stated to him "Next time, it's going to be a firebomb!"

8. At 1:55 A.M., a USSS Officer (hereinafter referred to as Officer-1) was subsequently

flagged down by an individual matching the description of the suspect on the southwest corner of Connecticut Avenue and Van Ness Street NW. Officer-1 initiated a stop on the suspect, who was a white male, approximately 6'00" in height with short brown hair, a black short sleeve shirt and blue jeans, wearing a black backpack. Officer-1 identified this suspect via his state of Illinois Identification Card and a U.S. Department of Veteran Affairs card as Benjamin J. GRABINSKI (herein, GRABINSKI). During the stop, GRABINSKI stated to Officer-1 that he traveled from Chicago to Washington, D.C. to show his discontent for the Chinese Government, and that he threw a "small rock" at the Embassy of the People's Republic of China. A photograph of GRABINSKI was taken and shown to SPO-1. SPO-1 positively identified the suspect photographed as the same individual that threw an object toward the Embassy and made the statement "Next time, it's going to be a firebomb!"

        9.        On June 9, 2022, at approximately 7:08 A.M., a special police officer (hereinafter referred to as SPO-2) was working in the vicinity of the Embassy of the People's Republic of China located at 3505 International Drive Northwest, Washington, D.C.[1] SPO-2 witnessed an individual walk up to the Embassy holding a glass bottle with a black cloth extending from its neck. This individual, described as a white male wearing black clothing, then attempted to light the black cloth with a lighter, but failed to light the fabric. This individual then threw the bottle over the vehicular gate into the Embassy causing the glass to shatter upon impact.





*Photographic still shots of the incident*

10. SPO-2 relayed this information to a uniformed United States Secret Service (USSS) Officer (Officer-2) in the vicinity, who then passed the individual's description to other officers via radio.

11. Almost immediately, within minutes, another USSS Officer (Officer-3) heard this description via radio and observed an individual generally matching that description on the sidewalk at the intersection of Van Ness Street Northwest and Connecticut Avenue Northwest, Washington, D.C. This intersection is approximately two to three blocks from the Embassy. Officer-3 detained the individual and requested identification. He was identified as GRABINSKI. When GRABINSKI was detained, he was carrying a black backpack. He was not wearing black clothing. Rather, his shirt was dark blue and he was wearing blue jeans.

12. While detained by Officer-3, GRABINSKI spontaneously uttered, "I tried to light it, but it didn't work, so I just threw it." GRABINSKI was subsequently placed under arrest by the USSS.

13. A search incident to arrest of GRABINSKI uncovered a blue-colored Bic lighter in his left pocket. A search of the backpack located on his person contained numerous items, notably several pairs of black cloth socks matching the type found at the Embassy. Surveillance video provided to investigators by the Embassy depicted an individual wearing dark colored clothing and no sleeves, carrying a dark colored backpack approach the Embassy. This individual, as depicted by surveillance, is consistent with the description of the suspect as well as GRABINSKI himself. On the video, GABRINSKI is observed throwing an object over the vehicular gate, as described by SPO-2. SPO-2 later identified GRABINSKI as the person he saw earlier.

14. The Embassy allowed USSS officers to enter the property and collect evidence after

the event. The USSS collected from within the Embassy grounds broken fragments of the bottle described above, which upon further preliminary examination appears to be a glass beer bottle. Outside of the Embassy grounds, officers collected the black cloth that was described by SPO-1. Upon collection, the cloth appears to be black socks. Additionally, a rubber band was collected near the cloth/sock material.

15. Statements obtained from witnesses describe the liquid from the bottle smelling like gasoline or alcohol. Officers collected the evidence and placed it into a sealed can.

16. Initial observations of the bottle, its fragments, and the evidence is consistent with the materials needed to create what is informally known as a firebomb or Molotov cocktail. These items would be formally identified as an improvised incendiary bomb. At this time, the ATF is conducting an analysis of the evidence to make a formal determination as to whether the device was in fact a destructive device.

17. BENJAMIN GABRINSKI does not have an identical twin known to the affiant. As such, the government is seeking this search warrant to obtain a known DNA sample from GABRINSKI for a comparison analysis with swabs that have been and will obtained from evidence recovered during the course of this investigation.

18. BENJAMIN GABRINSKI is currently detained pending his detention hearing. Accordingly, the buccal swab can be taken when GABRINSKI appears for his detention hearing on June 17, 2022.

19. The physical evidence referenced in paragraph 14 is currently stored with the Bureau of Alcohol, Tobacco, Firearms, and Explosives. The buccal swab obtained from GABRINSKI, pursuant to this warrant, would be compared to interpretable/usable DNA profile(s) found on the physical evidence. A match between, inclusion of, or exclusion of GABRINSKI's

DNA and DNA on the evidence would make a fact of consequence (e.g., the identity of the perpetrator) more or less probable.

## CONCLUSION

20. Based upon these facts, there is probable cause to believe that there is evidence of Protection of Property Occupied by Foreign Governments, in violation of 18 U.S.C. § 970; Arson, in violation of 18 U.S.C. § 844(i); Use of Explosive in Violation of U.S. Law, in violation of 18 U.S.C. § 844(h); Destructive Device used in a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(C)(ii); Possession of an Unregistered Firearm, in violation of 26 U.S.C. § 5861(d); and Unlawful Manufacture of a Firearm, in violation of 26 U.S.C. § 5851(f) that will be found in the cheek cells/saliva (buccal swab) of BENJAMIN GABRINSKI, DOB 06/29/1990, PDID 756-908.

_____
STEVEN LETTENEY, SPECIAL AGENT
BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES

*Subscribed and sworn pursuant to Fed. R. Crim. P. 4.1 and 41(d)(3) on June 14, 2022.*

_____
ZIA M. FARUQUI
U.S. MAGISTRATE JUDGE